UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    EDWIN L. SAUNDERS, II,               Case No. 05-33038-dof
                                                      Chapter 13 Proceeding
              Debtor.                            Hon. Daniel S. Opperman
_____/

**MEMORANDUM OPINION**
**REGARDING MOTION OF GREENSTONE FARM CREDIT SERVICES FOR LIFT OF STAY AND PAYMENT HISTORY OF DEBTOR, EDWIN L. SAUNDERS, II**

       The issue of Debtor's payment to GreenStone Farm Credit Services, FLCA ("GreenStone") comes before the Court upon the Motion of GreenStone for Lift of Stay and Other Relief. Given the payments of the Debtor to the Chapter 13 Trustee and the substantial equity in the real property secured to GreenStone, the Court continued the automatic stay but directed the parties to submit statements as to the payments made by the Debtor, as well as the expected payments to GreenStone. For the reasons set forth in this Memorandum Opinion, the Court holds that the monthly payment of $1,188.60 was in place until December, 2006, when GreenStone notified the Chapter 13 Trustee that the monthly payment would need to be increased to $1,341.03 as allowed by LBR 3001-2.

**DISCUSSION**

       The facts in this case are straightforward. The Debtor filed his Chapter 13 Petition on June 15, 2005, and timely filed his Chapter 13 Plan. The Chapter 13 Plan provided for payments of $2,628.00 monthly for a period of five years with $972.61 paid to GreenStone. At the time of the bankruptcy petition, the Debtor was current with the next contractual payment of $971.28 due on July 1, 2005. The Debtor, GreenStone, and the Chapter 13 Trustee agreed to an adequate protection payment of $972.61 to GreenStone via Order dated July 11, 2005.

On November 4, 2005, GreenStone filed an Objection to the Debtor's Chapter 13 Plan. This Objection was resolved pursuant to the Order Confirming Plan of December 23, 2005. The Order Confirming Plan provided for payments of $1,188.60 monthly for the first 12 months of the Plan with an annual adjustment. On December 22, 2005, GreenStone amended its Proof of Claim to state an arrearage of $2,693.12, which the Chapter 13 Trustee paid on January 3, 2006. In February, 2007, the Chapter 13 Trustee adjusted the payment to $712.53 based upon the reading of documents supplied to the Chapter 13 Trustee by the Debtor. Subsequently, GreenStone notified the Chapter 13 Trustee that the monthly payment would need to be adjusted to $1,341.03 effective January 1, 2007. At the time of the preliminary hearing on GreenStone's Motion, the Debtor and GreenStone had divergent views of the arrearage, if any, that was owed by the Debtor. The Court requested that each party submit a short statement as to their position so that the Court could review each statement and account to determine the amount of the arrearages.

GreenStone urges that this Court hold that the arrearage in December, 2006, was $3,180.54 because of a subsequent letter written by GreenStone's counsel modifying the arrearage of $3,693.12 as stated in the Amended Proof of Claim. The Court rejects this argument for the reason that if GreenStone wished to demand and restate the arrearage, the proper procedure to do so would be to amend the GreenStone Proof of Claim so as to allow the Debtor an opportunity to review that Proof of Claim and object to it and to allow the Chapter 13 Trustee the opportunity to monitor and pay the arrearage. Since the documents provided to the Court by the Debtor and GreenStone indicates an arrearage of $2,693.12, and that was the amount of the check sent to GreenStone in January of 2006, the Court holds that the arrearage owed to GreenStone, as stated in the December 22, 2005, Proof of Claim was paid in full by the Chapter 13 Trustee.

Turning to the issue of the modification of the monthly payment of $1,188.60, L.B.R. 3001-2 (E.D.M.) controls. Local Rule 3001-2 clearly allows only the holder of the claim to serve the trustee, the debtor and debtor's counsel with the statement of the increase or decrease of periodic payments and does not allow any other party to do so. Accordingly, since it is clear from this record that the information supplied to the Chapter 13 Trustee did not come from GreenStone, any reliance upon the statement that the monthly payment should be reduced to $712.53 is misplaced. To the extent the payments made by the Chapter 13 Trustee in 2006 were less than the $1,188.60 monthly amount, then the Debtor owes that amount.

Finally, the Debtor has requested that this Court rule on certain objections that the Debtor has incorporated in his response to the Brief and exhibits of GreenStone. The Court declines to do so at this time, reserving the right of the Debtor to object to the Proof of Claim and preserving GreenStone's right to respond to that objection as deemed appropriate.

As of February, 2007, the Court was advised that the monthly payments had increased to $1,341.03 and that these payments were being made to GreenStone by the Chapter 13 Trustee. The Court was also advised that the arrearage, being the difference of $1,188.60 minus $712.53 was partially cured and would be cured within 60 to 90 days. Accordingly, the Court will continue the automatic stay pursuant to 11 U.S.C. § 362 and will enter an order accordingly.

Not for Publication

**Signed on June 29, 2007**

                                                **/s/ Daniel S. Opperman**
                                                **Daniel S. Opperman**
                                                **United States Bankruptcy Judge**